Saxe, J.E, and Sweeny, J,
concur in a separate memorandum by Sweeny, J., as follows: The “longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant” (Hill v Lockhart, 474 US 52, 56 [1985] [internal quotation marks omitted]). A defendant challenging the propriety of his guilty plea on the ground of ineffective assistance of counsel must meet the two-prong test set out in Strickland v Washington (466 US 668 [1984]). Under Strickland, the “defendant must show that counsel’s performance was deficient,” and “that the deficient performance prejudiced the defense” (Strickland, 466 US at 687).
In Padilla v Kentucky (559 US —, 130 S Ct 1473 [2010]), the Supreme Court held that, in connection with a plea, effective assistance requires the defense counsel to advise a defendant of the immigration consequences of his plea. This was plainly not *450 properly done in this case and the hearing court correctly determined that the first prong of the Strickland test had been met.
However, contrary to the dissent’s contention, defendant did not establish that he was prejudiced by his counsel’s inadequate advice on the deportation consequences of his guilty plea (see id.). After an evidentiary hearing, the court properly determined that defendant did not demonstrate a “reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial” (Hill v Lockhart at 59). The dissent accepts defendant’s testimony on its face that, had he been advised that he would be deported, he would have rejected the promised sentence of five years and insisted on going to trial, knowing that his sentence exposure would be 14 years. However, the hearing court, which observed all the witnesses, found defendant’s testimony, not only in this regard, but overall, to be incredible. Defendant’s statements to the immigration authorities that he was unjustly convicted and that he did not commit the crime to which he pleaded guilty were found by the hearing court to undermine defendant’s truthfulness. His claims that he did not understand the terms “trial,” “sexual contact” or “oath” were found to be additional examples of defendant’s lack of candor. The record amply supports the hearing court’s conclusion that defendant decided to accept the plea, not because he was defectively advised on the immigration issue, but rather because pleading guilty was the course most advantageous to him. It has been a long-established rule that “great deference must be paid to the findings of fact and determinations of credibility by a hearing court” (People v Rivera, 213 AD2d 281, 281-282 [1995], lv denied 86 NY2d 740 [1995], citing People v Prochilo, 41 NY2d 759, 761 [1977]; see also People v Hickson, 165 AD2d 777 [1990]). We find no reason on the record before us for disturbing the court’s credibility determinations. We find it unnecessary to decide any issues relating to the retroactivity of Padilla v Kentucky.